IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANEDRA M., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-939-N-BK |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| DEFENDANT. | § | |

FINDINGS, RECOMMENDATIONS, AND CONCLUSIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, now before the Court are the parties'
cross-motions for summary judgment. Doc. 21; Doc. 24. For the reasons that follow, Plaintiff's
*Motion for Summary Judgment* should be **DENIED**, Defendant's *Motion for Summary Judgment*
should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

I. BACKGROUND

    A. *Procedural History*

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim
for a period of disability and Disability Insurance Benefits ("DIB") under the Social Security Act
("the Act"). Plaintiff filed her application in March 2019, stating that she became disabled on
her amended onset date of February 15, 2017. Doc. 16-1 at 37, 222-23. Plaintiff's application
was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C.
§ 405(g). Because Plaintiff's date last insured ("DLI") was December 31, 2019, Doc. 16-1 at 39,
the period under consideration is from February 15, 2017 — the date on which her prior DIB

application was denied — through December 31, 2019.[1]  *See Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000) ("Claimants bear the burden of establishing a disabling condition before the expiration of their insured status.") (citations omitted); *Shields v. Comm'r, Soc. Sec. Admin*., No. 6:08-CV-00484-MHS-JKG, 2008 WL 8141300, at *9 (E.D. Tex. Dec. 16, 2008) (holding that a claimant must demonstrate that she was disabled between her alleged onset date and her DLI); *see also Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995) (noting evidence post-dating DLI is not relevant to Commissioner's analysis).

### B. Factual Background

Plaintiff was 53 years old on her amended onset date and has a high school education and past relevant work as a bank loan officer.  Doc. 16-1 at 39, 62, 81.  In terms of her relevant medical history, Plaintiff underwent lumbar back surgery in February 2014 and March 2015. Doc. 16-1 at 367; Doc. 16-1 at 987-89.  The second of these surgeries was performed by Dr. Bala K. Giri, M.D.  Doc. 16-1 at 987-89.  Plaintiff thereafter continued to receive medical treatment for related problems from Dr. Giri as well as other practitioners.

### C. The ALJ's Findings

In October 2020, the ALJ found that Plaintiff (1) has the severe impairments of lumbar degenerative disc disease with radiculopathy status post lumbar fusion; and (2) bilateral trochanteric bursitis.  Doc. 16-1 at 39.  Next, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work with certain postural limitations and the need to alternate between sitting and standing every ten to 15 minutes at her

---

[1] Plaintiff's earlier case was also adjudicated by this Court.  *See Mitchell v. Berryhill*, No. 3:18-CV-0077-B-BK.

work station.  Doc. 11-1 at 92, 94.  The ALJ concluded Plaintiff had the RFC to perform her past

relevant work as a collection clerk and, as such, she was not disabled.  Doc. 11-1 at 98.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C.

§ 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine

whether a claimant is disabled:  (1) an individual who is working and engaging in substantial

gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not

disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the

regulations will be considered disabled without consideration of vocational factors; (4) if an

individual is capable of performing her past work, a finding of "not disabled" must be made; (5)

if an individual's impairment precludes her from performing her past work, other factors

including age, education, past work experience, and RFC must be considered to determine if any

other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam)

(summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant.

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the

Commissioner determines at any point during the first four steps that the claimant is disabled or

is not disabled.  *Id.*  If the claimant satisfies her burden under the first four steps, the burden

shifts to the Commissioner at step five to show that there is other gainful employment available

in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236

(5th Cir. 1994).  This burden may be satisfied either by reference to the Grid Rules, vocational

expert testimony, or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence.  *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion.  *Leggett*, 67 F.3d at 564.  Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present.  *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record.  The Court is not under any obligation to probe the record to find supporting evidence for one side or the other.  *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

## III.  ARGUMENT AND ANALYSIS

### A.  *Opinions of Drs. Emad and Korabethina*

Plaintiff's first point of error is that the ALJ did not evaluate the persuasiveness of all the medical evidence of record, namely the opinions of Dr. Behzad Emad, M.D., and Dr. Puja Korabethina, M.D.  Doc. 21 at 14-18.  Defendant responds that the ALJ was not required to

discuss these physicians' opinions because neither of them examined Plaintiff, as they were retained by a private insurance provider to review her medical records. Doc. 25 at 4-5.

Defendant's argument is well taken. Plaintiff correctly asserts that Dr. Emad and Dr. Korabethina found Plaintiff was unable to work. Doc. 16-1 at 658-59, 683-85. But they based their opinions on evidence prior to the relevant period in this case, which the ALJ independently considered in his opinion denying Plaintiff's first DIB application. Doc. 16-1 at 658-59 (Dr. Emad's discussion of medical records through November 2016); Doc. 16-1 at 681-85 (Dr. Korabethina's discussion of medical records through May 2016); *see Mitchell v. Berryhill*, No. 3:18-CV-0077-B-BK, Doc. 11-1 at 102-03 (List of medical exhibits dated through Nov. 16, 2016). Thus, the ALJ did not commit error in this respect.

### B. RFC Finding

Plaintiff next asserts the RFC finding is not supported by substantial evidence because the ALJ rejected the medical opinions rendered by the State Agency Medical Consultants ("SAMCs") and her treating physician, Dr. Giri, insofar as they addressed the functional impact of Plaintiff's physical impairments. Doc. 21 at 21-28 (citing *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995)). Defendant responds that Plaintiff's argument ignores the legal requirement that the RFC determination is the ALJ's responsibility. Doc. 25 at 5-6. Moreover, Defendant maintains that any error is not reversible because the ALJ's decision was otherwise based on substantial evidence. Doc. 25 at 7-10.

The RFC is an assessment, based upon all relevant evidence, of a claimant's ability to work, despite her impairments. 20 C.F.R. § 404.1545(a). Stated differently, it is the most a claimant can do, notwithstanding her physical and mental limitations. *Id.* The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the

evidence.  *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam).  In

*Ripley*, the ALJ ruled that a claimant could perform sedentary work even though there was no

medical evidence or testimony supporting that conclusion.  *Ripley*, 67 F.3d at 557.  The appellate

court noted that while the claimant's record contained a vast amount of evidence establishing he

had a back problem, it did not clearly establish what effect the condition had on his ability to

work.  *Id.*  Thus, the court remanded the case with instructions for the ALJ to obtain a report

from a treating physician regarding the effects of the claimant's back condition on his ability to

work.  *Id.* at 557-58.

    *1. Opinions of SAMCs*

In the administrative proceedings, two SAMCs determined Plaintiff could perform a

reduced range of light work, with the ability to stand/sit/walk for six hours in an eight-hour

workday, frequently crawl/kneel, and occasionally climb, stoop, or crouch.  Doc. 16-1 at 93-120.

The ALJ found the SAMCs' opinions "unpersuasive" because they did not account for evidence

of Plaintiff's tenderness in her lumbar spine and hips, decreased strength and sensation in her

legs, antalgic gait, and use of a cane.  Doc. 16-1 at 45.  Thus, the ALJ included in the RFC

assessment some additional limitations relating to Plaintiff's abilities.  *See* Doc. 16-1 at 42-43

("She could stand and/or walk a total of four hours of an eight-hour workday . . .  If seated for 30

minutes, she must be permitted to stand at her workstation for approximately one minute for the

purpose of repositioning . . . She could occasionally stoop, kneel, crouch, crawl, and balance

when walking on narrow, slippery, or uneven surfaces.").

Contrary to Plaintiff's implication, the ALJ did not err by including <u>additional</u> restrictions

in her RFC assessment.  *See Vasquez v. Comm'r of Soc. Sec*., 7:21-CV-00028-O-BP, 2022 WL

2975471, at *5 (N.D. Tex. June 30, 2022) (finding no error where ALJ imposed more restrictions

on claimant's activity than limitations determined by SAMCs), *adopted by* 2022 WL 2972240 (N.D. Tex. July 26, 2022); *Ernest A.J. v. Saul*, No. 1:18-CV-00194-BU, 2020 WL 6877706, at *14 (N.D. Tex. Oct. 19, 2020) (same), *adopted by* 2020 WL 6873609 (N.D. Tex. Nov. 23, 2020); *Michael L. v. Berryhill*, No. 3:18-CV-0010-G-BK, 2019 WL 1243866, at *5 (N.D. Tex. Feb. 20, 2019) (Toliver, J.) (same), *adopted by* 2019 WL 1244076 (N.D. Tex. Mar. 18, 2019).

    *2. Opinion of Dr. Giri*

    Plaintiff next takes with issue with the ALJ's rejection of Dr. Giri's April 2016 opinion that Plaintiff was impaired in her ability to drive and unable to sit or stand for any period. Doc. 21 at 22-23; *see* Doc. 16-1 at 46.  First, as noted above, this evidence was available to Plaintiff in the case the Court previously adjudicated and is thus not relevant here.  *Shields*, 2008 WL 8141300, at *9; *see Mitchell v. Berryhill*, No. 3:18-CV-0077-B-BK, Doc. 11-1 at 482-497. Moreover, the evidence of record during the relevant time period reflects Dr. Giri did not propose such restrictions.  *See, e.g.*, Doc. 16-1 at 911 (noting Plaintiff's lumbar x-rays taken that day showed "good position of instrumentation" and advising Plaintiff to increase her walking); Doc. 16-1 at 1138 (informing Plaintiff she would benefit from anterior removal of her spinal "cage" and an anterior lumbar interbody fusion but giving her the option to monitor the cage since it had remained stable).

    Even if the ALJ erred in rejecting any of Dr. Giri's opinions, any error was harmless because the SAMCs provided the required information in terms of Plaintiff's ability to perform work-related activities.  Doc. 16-1 at 93-120; *see Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) (per curiam) (holding that RFC assessment partly based on function-by-function analysis contained in SAMC's medical report satisfied the applicable legal standard); *Albritton v. Astrue*, 3-10-CV-1860-BD, 2012 WL 1019610, at *6 (N.D. Tex. Mar. 27, 2012) ("An ALJ may

rely on a 'function-by-function' assessment performed by a state examiner.") (citing *Beck v. Barnhart*, 205 F. App'x 207, 213-14 (5th Cir. 2006)); *see also McCray v. Kijakazi*, 2022 WL 301544, at *2 (5th Cir. Feb. 1, 2022) (holding ALJ did not err in assessing claimant's RFC based on SAMC's report in addition to other medical evidence, exhibits, and testimony).  And, as discussed *supra*, the ALJ did not err in imposing restrictions on Plaintiff's RFC in excess of those indicated by the SAMCs.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 21, should be **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 24, should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** on September 2, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).